USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/2024

**MEMORANDUM ENDORSEMENT**

ARMF Realty LLC, et al v. County of Orange et al

7-23-cv-11034

By letter dated September 25, 2024, Defendant Orange County informs the Court that it withdraws its previously filed motion (ECF No. 30) and now seeks to move to dismiss, inter alia, Plaintiff's Second Amended Complaint (ECF No. 48). Defendant's motion (ECF No. 30) is deemed withdrawn and the parties are directed to adhere to the following briefing schedule: Defendant's motion shall be served (not filed) November 15, 2024; Plaintiff's opposition shall be served (not filed) December 16, 2024; and Defendant's reply shall be served December 31, 2024.

All motion documents shall be filed on the reply date, December 31, 2024. The parties are directed to mail two copies of their motion documents to Chambers as they are served, as well as send a copy to Chambers via email as they are served.

The Clerk of Court is kindly directed to terminate the motions at ECF Nos. 30 and 49.

Dated: October 1, 2024

    White Plains, NY

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge



# ORANGE COUNTY DEPARTMENT OF LAW

### RICHARD B. GOLDEN
COUNTY ATTORNEY

**Steven M. Neuhaus**
**County Executive**

*Carol C. Pierce*
*Deputy County Attorney*

**Municipal Law Division**

TEL: 845-291-3150
FAX: 845-378-2374*

Kellie E. Lagitch *Chief Assistant – Litigation*
Matthew J. Nothnagle *Chief Assistant – Appeals*
Susan L. Whalan *Chief Assistant – Contracts*
Joseph F. Mahoney    Holly L. Reinhardt
Marina V. O'Neill    Donna M. Badura
Lisa M. James        Stephanie T. Midler
Lia E. Fierro        Lisa M. Morgillo
Cedric A. Cooper     William S. Badura

**Family Law Division**

TEL: 845-291-2650
FAX: 845-360-9161*

Kimberly C. VanHaaster *Chief Assistant – Family Div.*
Peter R. Schwarz        David S. Meffert
Linda P. DaSilva        Stephanie Bazile
Ferol L. Reed-McDermott Michael Rabiet
Karen A. Amundson       Tammy A. Delile
Eve I. Lincoln          Rebecca McGee
Stephen Toole

September 25, 2024

Honorable Nelson S. Román
United States District Judge
Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas Street, Room 218
White Plains, New York 10601

    Re:    ARMF Realty LLC, et al v. County of Orange et al.
             Civil Action 7:23-cv-11034-NSR

Dear Judge Román:

      This office represents Defendant County of Orange in this action. In an Order dated September 12, 2024, the Court directed this office to inform the Court, within 21 days of the date that the Plaintiffs file a Second Amended Complaint, whether the County intended to withdraw its prior motion, and to request permission to file a new motion to dismiss and to sever. This office hereby writes pursuant to the Court's directive of September 12, 2024, and to section 3(A)(ii) of Your Honor's Individual Practices in Civil Actions, to state that the County does wish to withdraw its motion to dismiss and to sever with respect to the First Amended Complaint, and to file a motion to dismiss and sever with respect to the Second Amended Complaint. The Second Amended Complaint cures some of the deficiencies set forth in this office's motion to dismiss and to sever, by withdrawing some of the plaintiffs, withdrawing Kerry Gallagher is a Defendant, and by withdrawing one of the causes of action. However, the remaining defects require that the County again file a motion to dismiss and to sever.

      Plaintiffs filed an Amended Complaint on February 22, 2024, naming nine plaintiffs, and two defendants, the County of Orange and Kerry Gallagher. This Court allowed this office to serve a motion to dismiss all but the first cause of action, and to sever each claim. This office

filed such a motion; Plaintiffs opposed the motion, and the motion was fully submitted as of July 8, 2024. Plaintiffs' counsel thereafter withdrew claims by some of the Plaintiffs and asked for permission to file a Second Amended Complaint, which contained one new plaintiff, withdrew several former plaintiffs, dropped the claims against Defendant Kerry Gallagher, and dropped one of the causes of action. The Court granted permission to file the Second Amended Complaint and directed this office to inform that Court whether it wished to file another motion.

The Second Amended Complaint addresses some but not all of the deficiencies in the original and First Amended Complaint. The second cause of action, for an alleged Eighth Amendment violation, is duplicative of the first cause of action, for an alleged Fifth Amendment violation. Furthermore, there is no allegation of the criminal-type activity necessary to plead an Eighth Amendment violation. In addition, the third cause of action, for alleged unjust enrichment under state law, is inapplicable and duplicative. Finally, there are issues regarding standing or liens with respect to each of the parcels at issue, requiring severance.

With respect to the second cause of action, for allegedly excessive fines under the Eighth Amendment, recent caselaw in this Circuit has made clear that this theory of recovery only applies to criminal-type punishments. *See Reese v. Triborough Bridge & Tunnel Authority*, 91 F.4th 582, 589 (2d Cir. 2024); *Bongiorno v. United States*, 2023 WL 7648621 (2d Cir., November 13, 2023), at *3 (summary order), *citing Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977); *Beatty v. Gilman*, 2024 WL 808552 (D. Ct., February 27, 2024). One Court of Appeals has determined that the Excessive Fines clause does not apply to cases involving tax foreclosure surplus funds, because any surplus kept by a municipality under these circumstances is not punitive. *Freed v. Thomas*, 81 F.4th 655, 659 (6th Cir. 2023).

In addition, the second cause of action should be dismissed as duplicative. As discussed in the original motion, courts routinely dismiss causes of action when they only duplicate other causes of action in the same complaint, relying on the same facts, and seeking the same relief. *See, e.g., Mulgrew v. United States Dep't of Transportation*, 2024 WL 3251732 (S.D.N.Y., June 20, 2024), at *18; *Monocoque Diversified Interests, LLC v. Aquila Air Capital (Ireland) DAC*, 2024 WL 1312996 (S.D.N.Y., March 27, 2024), at *14; *Tzumi Electronics LLC v. Burlington Ins. Co.*, 2024 WL 217764 (S.D.N.Y., January 19, 2024), at *13; *R&G Enterprises, Inc. v. Choi*, 2022 WL 16731449 (S.D.N.Y., May 24, 2022), at *9, *report and recommendation adopted*, 2022 WL 5434986 (S.D.N.Y., October 7, 2022). Accordingly, the County requests permission to move to dismiss the second cause of action.

The third cause of action, under State law for unjust enrichment, is also still improper, and should be dismissed. Unjust enrichment claims only arise if there is no recognized tort and no breach of contract, but there is somehow an equitable obligation from the defendant to the plaintiff. Federal courts routinely dismiss unjust enrichment claims that are duplicative of a tort or contract claim. *E.g., Medina v. Costco Wholesale Corp.*, 2024 WL 2535388 (E.D.N.Y., July 25, 2024), at *5-*6; *Koenigsberg v. Board of Trustees of Columbia Univ.*, 2024 WL 1256270 (S.D.N.Y., March 22, 2024), at *11 *Kandel v. Dr. Dennis Gross Skincare, LLC*, 2024 WL 965621 (S.D.N.Y., March 5, 2024), at *9; *Sandoval v. Uphold HQ Inc.*, 2024 WL 1313826 (S.D.N.Y., March 27, 2024), at *11; *Adeghe v. Proctor & Gamble Co.*, 2024 WL 22061 (S.D.N.Y., January 2, 2024), at *6.

Also, the third cause of action should be dismissed for failure to serve a Notice of Claim. County Law section 52 requires a prospective plaintiff to file a Notice of Claim with respect to almost any state-law claim against a County. *See Snowden v. Southerton*, 2023 WL 3601654

(S.D.N.Y., May 23, 2023), at *5; *Carvel v. Durst,* 2010 WL 10027356 (S.D.N.Y., October 18, 2010), at *2, *report and recommendation adopted,* 2014 WL 787829 (S.D.N.Y., February 25, 2014). It has been held that a claim for unjust enrichment requires a Notice of Claim. *Cooper Crouse-Hinds, LLC v. City of Syracuse, New York,* 2018 WL 840056 (N.Y.N.Y., February 12, 2018), at *10, *but see County of Monroe v. Siemens Industry, Inc.,* 2024 WL 2169310 (W.D.N.Y., May 15, 2024). For this reason as well, the third cause of action should be dismissed.

In addition, the County requests leave to move to sever, such that there are separate actions for each parcel at issue. Counsel has withdrawn the action as to several plaintiffs, which reduces, but does not eliminate, many of the issues set forth in the County's previous motion. In a motion to sever under Rule 21, the courts consider "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Jem Accessories, Inc. v. Jvcackenwood USA Corp.,* 2021 WL 706646 (S.D.N.Y., February 22, 2021), at *2. Stated another way, "[a] court should consider whether severance will serve the ends of justice and further the prompt and efficient disposition of litigation." *Arroyo v. PHH Mortgage Corp.,* 2014 WL 2048384 (E.D.N.Y., May 13, 2014). Whether severance would facilitate settlement is also a relevant consideration. *Yanes v. Ocwen Loan Servicing, LLC,* 2014 WL 1428013 (E.D.N.Y., April 14, 2014), at *4. In analogous cases involving alleged lender liability, Courts in this Circuit have consistently granted defendants' motions to sever. *E.g., Colonial Funding Network, Inc. v. McNider Marine, LLC,* 2017 WL 5633160 (S.D.N.Y., November 21, 2017), at *3-*4; *Yanes, supra,* 2014 WL 1428013; *Martin v. Bank of America,* 2014 WL 977653 (E.D.N.Y., March 12, 2014); *Kalie v. Bank of America Corp.,* 297 F.R.D. 552, 557 (S.D.N.Y. 2013). Here, as discussed in more detail in the original motion papers, there are different issues with respect to the parcels at issue, some regarding standing, some regarding liens. It would make no sense to try the issues relating to one parcel while all the other plaintiffs, who have nothing to do with those issues, await a resolution. There will have to be lienors added as parties for many of these parcels. Different witnesses and evidence will be necessary for each parcel; judicial economy would not be served by such an undertaking. Accordingly, permission to move to sever should be granted.

For these reasons, this office requests permission to move to dismiss the second and third eighth causes of action, and to move for an order which would sever this action to create one action for each lot at issue.

Respectfully yours,

Matthew J. Nothnagle
Chief Assistant County Attorney

cc:    Counsel via Electronic Filing