UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARMF REALTY LLC, DANIEL RUBINO, CHRISTOPHER BUX, VICTOR SIGNORINI, TIMOTHY SHAUN OHARA, SALVATORE BRUGELLIS, PANTALEONE BRUGELLIS,

    Plaintiffs,

-against-

COUNTY OF ORANGE,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/3/2025

23-cv-11034 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiffs ARMF Realty LLC ("ARMF"), Daniel Rubino ("Rubino"), Christopher Bux ("Bux"), Victor Signorini ("Signorini"), Timothy Shaun Ohara ("Ohara"), Salvatore Brugellis ("Salvatore") and Pantaleone Brugellis ("Pantaleone") (together, "Plaintiffs") initiated this action against Defendant County of Orange ("Orange County" or "Defendant") on December 15, 2023, alleging deprivation of rights under 42 U.S.C. § 1983, claiming violations of the Fifth Amendment, Eighth Amendment and a claim of unjust enrichment.

Presently before the Court is Defendant's Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and Defendant's Motion to Sever Plaintiffs' claims. For the following reasons, Defendant's Motion to Dismiss is GRANTED without prejudice and Defendant's Motion to Sever is DENIED without prejudice.

## BACKGROUND

The following facts are derived from the Second Amended Complaint and are taken as true and constructed in the light most favorable to the Plaintiffs at this stage.

1

Defendant is the County of Orange, wherein the Plaintiffs either reside or own Property. (Compl. ¶¶ 1-6.) Rubino owned a property located at 33 Walker Street Plus in the town of Mount Hope, Orange County, which was sold at an Orange County tax auction for a sum of $110,000.00 on or about October 23, 2020. (*Id*. ¶ 9.) At the time of the auction, Rubino owed local property taxes and penalties in an amount of approximately $20,000.00. (*Id*. ¶ 10.) Ohara owned a property located at 17 Helm Hill Road in the town of Blooming Grove, Orange County, which was sold at an Orange County tax auction for a sum of $172,000.00 on or about June 14, 2022. (*Id*. ¶ 11.) At the time of the auction, Ohara owed local property taxes and penalties in an amount of approximately $20,000.00. (*Id.* ¶ 12.) Bux and Signorini owned a property located at 37 Kirbytown Road in the town of Wawayanda, Orange County, which was sold at an Orange County tax auction for a sum of $63,000.00. (*Id*. ¶ 13.) At the time of the auction, Bux and Signorini owed local property taxes and penalties in an amount of approximately $14,000.00. (*Id*. ¶ 14.) ARMF owned a property located at 185 S Plank Road in the town of Newburgh, Orange County, which was sold at an Orange County tax auction for a sum of $650,000.00 on or about November 2022. (*Id*. ¶ 15.) At the time of the auction, ARMF owed local property taxes and penalties in an amount of approximately $150,000.00. (*Id*. ¶ 16.) Salvatore and/or Pantaleone owned a property located at 7 Autumn Trail in the town of Goshen, Orange County, which was sold at an Orange County tax auction for a sum of $296,000.00. (*Id*. ¶ 17.) At the time of the auction, Salvatore and/or Pantaleone owed local property taxes and penalties in an amount of approximately $40,000.00.

Based on the foregoing, Plaintiffs bring Section 1983 claims alleging violations of the Fifth and Eighth Amendment, and a claim of unjust enrichment.

**PROCEDURAL HISTORY**

On December 15, 2023, Plaintiffs commenced this action against the Defendant in their Complaint. (ECF No. 1.) Plaintiffs filed a First Amended Complaint and Second Amended Complaint, the latter being the operative complaint. (ECF Nos. 17 and 47.) The Defendant filed its motion to dismiss and motion to sever and memorandum of law in support on December 31, 2024, 2024 ("Mot."). (ECF Nos. 51 and 52.) Plaintiffs filed their opposition to Defendant's motions ("Opp."). (ECF No. 58.) Defendant filed its reply in further support of its motion to dismiss and motion to sever ("Reply"). (ECF No. 56.)

**LEGAL STANDARD**

A. **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry

3

is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Rule 21

In a motion for severance pursuant to Rule 21, the court must consider whether Rule 20 would allow for joinder and whether: "(1) the claims arise out of the same transaction or occurrence; (2) the claims present some common question of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) prejudice would be avoided; and (5) different witnesses and documentary proof are required for the separate claims." *Allstate Ins. Co. v. Electrolux Home Prods., Inc.*, No. 3:17-CV-391 (JCH), 2017 WL 10718329 (D. Conn. Sept. 18, 2017).

## DISCUSSION

Plaintiffs brings Section 1983 claims alleging violations of the Fifth Amendment, Eighth Amendment, and unjust enrichment.

### A. 12(b)(6) Threshold Analysis

The Court is required to read the Complaint "generously." *In re Everfresh Beverages, Inc.*, 238 B.R. 558, 571 (Bankr. S.D.N.Y. 1999). However, "even liberal construction has its limits." *Id*. The "pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader."  2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[1][b] (3d ed.1998). Moreover, "conclusory allegations of the legal status of a defendant's acts or conclusions of law, need not be accepted as true." *In re Everfresh Beverages, Inc*., 238 B.R. 558 at 571.

The overwhelming majority of Plaintiffs' complaints are "legal conclusion[s] couched as [] factual allegation[s]" which the Court is not "bound to accept as true." *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). Regarding Plaintiffs' Fifth Amendment claim, Plaintiffs only offers the conclusory assertion that Plaintiffs were "injured and damaged by the defendants['] violation[s] of [their] Fifth Amendment rights" (Compl. ¶¶ 27-42); as to Plaintiffs' Eighth Amendment claim, Plaintiffs only assert, in conclusory fashion, that "defendants Defendants [sic] have effectively imposed excessive fines upon the plaintiffs in violation of the Eighth Amendment" (*Id*. ¶¶ 44-49); and, finally, with respect to Plaintiffs' unjust enrichment claim, Plaintiffs only proffer the conclusion that Plaintiffs "ha[ve] been damaged by unjust enrichment of the defendants['] in the confiscation of the equity in [their] real proper[ties]" (*Id*. ¶¶ 57-60).

The Court must find that such averments are insufficient to survive a motion to dismiss; "a complaint must do more than recite the elements of a cause of action in conclusory statements; it must contain sufficient allegations to 'state a claim to relief that is plausible on its face.'" *Orenstein v. Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Therefore, even affording the Complaint a liberal construction in favor of the Plaintiffs, the Court must conclude that each of Plaintiffs' causes of action fail to state a plausible claim for relief, as the Second Amended Complaint, as currently written, only offers conclusory assertions that Defendant either violated Plaintiffs' constitutional rights or was unjustly enriched, which are insufficient to survive a motion to dismiss. Conclusory declarations that a defendant committed a violation of a constitutional right or that a defendant was unjustly enriched clearly do not satisfy the *Twombly-Iqbal* pleading requirement. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555. Thus, the Court must dismiss the Second Amended Complaint in its entirety without prejudice.

B. **Motion to Sever**

The Court's decision on whether to sever a claim "is committed to the sound discretion of the trial court." *Greystone Cmty. Reinv. Ass'n v. Berean Capital, Inc.*, 638 F. Supp. 2d 278, 293 (D. Conn. 2009). Here, the Court cannot yet exercise its discretion to sever Plaintiffs' claims; the Second Amended Complaint is plead with such deficiency that the Court cannot ascertain at this time whether, pursuant to the factors articulated *supra*, severance of Plaintiffs' claims is warranted under Rule 21. Thus, the Court denies without prejudice Defendant's motion to sever Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss Plaintiffs' complaint without prejudice and DENIES the Defendant's motion to sever without prejudice to renew. Plaintiffs are granted leave to file a Third Amended Complaint by July 3, 2025. Plaintiffs are advised that the Third Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Third Amended Complaint. Should Plaintiffs file a Third Amended Complaint, Defendant is directed to answer or otherwise respond by August 4, 2025. If Plaintiffs fail to file a Third Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 51.

Dated:   June 3, 2025                                          SO ORDERED:
        White Plains, New York

                                                              NELSON S. ROMÁN
                                                              United States District Judge